of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

**MEI HUA ZOU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General of the United States, Respondent.**

No. 07–5458–ag.

United States Court of Appeals, Second Circuit.

Dec. 10, 2008.

H. Raymond Fasano, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Civil Division; Linda S.

Wendtland, Assistant Director; Holly M. Smith, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Mei Hua Zou, a native and citizen of the People's Republic of China, seeks review of a November 6, 2007 order of the BIA affirming the November 29, 2005 decision of Immigration Judge ("IJ") Brigitte Laforest denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Hua Zou*, No. A 77 994 002 (B.I.A. Nov. 9, 2007), *aff'g* No. A 77 994 002 (Immig. Ct. N.Y. City Nov. 29, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Zou has failed to challenge in her brief to the Court the denial of her claims for asylum and withholding of removal, and the denial of her claim based on her fear of torture by loan sharks. Because addressing those claims does not appear to be necessary to avoid manifest injustice, we deem any challenge to their denial waived and deny the petition for review to that extent. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003). This Court reviews the denial of a motion to reopen or reconsider for abuse of discretion. *See Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir.2005).

■ The agency reasonably found that Zou's documentation, submitted before the IJ and in support of her motion to remand, did not establish that it was more likely than not she would be tortured. *See* 8 C.F.R. § 1208.16(c). The IJ accurately noted that the 1998 State Department Profile of Asylum Claims and Country Conditions for China indicated that the Chinese government imposed fines and varying periods of detention for repatriated nationals who illegally departed the country. Similarly, a Canadian report submitted by the Government indicated that illegal emigrants returned to China were incarcerated only briefly, if at all, at public security detention centers and that prison sentences were only applicable to illegal emigrants "who bring disgrace to the nation." Based on the background materials, Zou failed to demonstrate that it was more likely than not that she would be detained in China due to her illegal departure. *See* 8 C.F.R. § 1208.16(c).

Even assuming that Zou would be detained upon her return to China, she failed to submit evidence that Chinese nationals who left illegally are mistreated or tortured with any frequency in detention. 8 C.F.R. § 1208.18(a)(1). In support of her

testimony that an individual from her village was detained and beaten due to his illegal departure, Zou provided a statement from her uncle asserting that he had told Zou about these events. However, Zou's uncle failed to state whether he had heard this information directly from his neighbor, or to provide any details about the circumstances of the neighbor's departure from China or his repatriation. Given the deficiencies in the statement of Zou's uncle, her documents were "too general" to establish that she in particular was likely to be tortured. *Cf. Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159–60 (2d Cir.2005) (holding that a reasonable fact-finder would not be compelled to conclude that the petitioner would more likely than not be subjected to torture if removed to China based solely on the fact that she had illegally departed China, without more particularized evidence).

Zou asserts in her brief to this Court that the "particularized evidence" standard can be satisfied by relying on generalized background evidence that is not specific to the particular CAT applicant. Even assuming the validity of Zou's argument, and even though other documents—e.g., the Amnesty International and Human Rights Watch articles—indicate that torture and ill-treatment may occur in China, the agency properly concluded that Zou failed to establish that an individual in her circumstances was more likely than not to be tortured. *Cf. id.* Thus, the agency appropriately concluded that Zou failed to meet her burden to establish eligibility for relief under the CAT. *See* 8 C.F.R. § 1208.16(c)(2).

█ Additionally, the BIA did not abuse its discretion in denying Zou's motion to remand. *See Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir.2005). In her brief to the BIA, Zou submitted several recent general reports concerning country conditions in China, articles addressing the use of re-education through labor and the characteristics of smugglers, and a report detailing a sociology professor's opinion regarding what consequences a woman whose situation was not entirely analogous to Zou's may suffer on return to China. While these materials indicated that torture at times occurred in Chinese prisons, they do not establish that it was more likely than not to occur to someone in Zou's circumstances. *Cf. Mu Xiang Lin*, 432 F.3d at 159–60. Therefore, the BIA properly denied Zou's motion. *See id.*

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).